IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **Criminal No.   05-363 (RJL)** |
| | : | |
| v. | : | |
| | : | |
| **RICHARD SHEDRICK**, | : | |

**GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this memorandum in aid of sentencing.

I.   **INTRODUCTION**

On November 3, 2005, the defendant entered into a plea agreement and pled guilty to Count Two in a superseding criminal information charging Unlawful Possession With Intent to Distribute Cocaine Base, in violation of D.C. Code Section 48-904.01 (2001).  Per the plea agreement, the Court may utilize the District of Columbia Sentencing Commission's Voluntary Sentencing Guidelines in imposing the sentence in this case.   The sentencing range under the Voluntary Superior Court Sentencing Guidelines will be based on the offenses of convictions and his criminal history.

The government's evidence showed that, on December 10, 2004, at about 5:15 p.m., sworn Metropolitan Police Department officers executed a search warrant at 151 Joliet Street, SW, apt 204, Washington, D.C.  Upon gaining entry, the officers observed the above-mentioned defendant inside that location where, *inter alia*, 10 plastic bags weighing 1.4 grams of cocaine base, also known as crack were recovered from a cabinet in the kitchen.  The evidence showed that the defendant, Richard Shedrick, possessed (actual and/or constructively) the bags of cocaine base prior to the entry

by the law enforcement officers into the apartment. Also, recovered were other contraband, a digital scale, empty zip lock bags and U.S. Currency. The evidence showed that the amount of the cocaine base, also known as crack, recovered is an amount commonly indicating that it was going to be sold to others rather than exclusively used by defendant. A final count of the U.S. currency recovered was determined to be $368.00.

II. **SENTENCING FACTORS**

    **A. The Nature of the Offense and Public Protection**

Prior to this case, the defendant lacked any criminal convictions. Consequently, he does not have any prior criminal history points.

    **B. The History and Characteristics of the Defendant**

Because the defendant lacked a criminal record and plea agreement, the government agreed not to oppose the defendant's position at sentencing that he should get credit for acceptance of responsibility, provided that he cooperates and is truthful and candid during the pre-sentence investigation, and did not attempt to obstruct justice, deceive, withhold, or otherwise mislead any law enforcement agent, the Court, the Probation Office or the Government concerning any issue relevant to the imposition of sentence. In addition, the Government and the defendant agreed that neither party will seek an upward or downward departure outside of the defendant's applicable guideline range.

    **To Protect the Public from Further Crimes of the Defendant**.

In imposing sentence, one factor is particularly relevant is the defendant's lack of a criminal record. Therefore, the likelihood that the defendant will participate in future criminal behavior while under the Court's supervision is low.

**To Provide the Defendant with Needed Educational or Vocational Training, Medical Care, or Other Correctional Treatment**.

The defendant is a high school graduate; however, he is unemployed. The defendant should be instructed to seek and retain gainful employment.

**Application of Guidelines in Imposing Sentence.**

The government concurs with the sentencing ranges outlined in the defendant's response to the Presentence Investigation Report.

The offense severity group is based on the offense(s) of conviction. In this case Count 2 falls in offense Severity Group 2. The criminal history score is 0. Therefore the guideline calculation results in a light shaded box in column A in the first column of the grid. Therefore, the sentencing options in that light shaded box are probation, a short split sentence, or a prison sentence.

If a prison sentence is deemed appropriate the Court is to consult the prison guideline range in that box, which is 12-30 months.

Accordingly for the reason outlined above, the government would not oppose the defendant's request that he be sentenced to a term of probation.

Respectfully submitted,

KENNETH L. WAINSTEIN
United States Attorney
Bar No. 451058

_____

Emory V. Cole
Assistant United States Attorney
Organized Crime and Narcotics Trafficking Section
555 4th Street, N.W.  #4213
Washington, DC 20530
(202)616-3388