UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Docket No.: 05-363-01 |
| | : | |
| vs. | : | SSN: _____ |
| | : | |
| SHEDRICK, Richard | : | Disclosure Date: **December 22, 2005** |

### RECEIPT AND ACKNOWLEDGMENT OF PRESENTENCE INVESTIGATION REPORT

**FILED**
**JAN 2 7 2006**
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

This is to acknowledge that each of the undersigned has received and reviewed the Presentence Investigation Report (PSR) in the above-entitled case. The undersigned further acknowledges that:

#### For the Government

(CHECK APPROPRIATE BOX)

( )  There are no material/factual inaccuracies therein.

( )  There are material/factual inaccuracies in the PSI report as set forth in the attachment herein.

_____          _____
**Prosecuting Attorney**                                       **Date**

#### For the Defendant

(CHECK APPROPRIATE BOX)

( )  There are no material/factual inaccuracies therein.

(✓)  There are material/factual inaccuracies in the PSI report as set forth in the attachment.

_Richard Shedrick_  12/30/05          _[signature]_  12/30/05
**Defendant**            **Date**            **Defense Counsel**            **Date**

### NOTICE OF OBLIGATION OF THOSE EXECUTING THIS FORM

Pursuant to Local Rule 32.2, those executing this form shall first submit any material inaccuracies or disputes in writing by **January 6, 2005**, to U.S. Probation Officer **Renee Moses-Gregory**, telephone number **(202) 565-1348**, fax number **(202) 273-0242**.

Pursuant to Rule 32(b)(6)(B), effective December 1, 1994, it shall be the responsibility of the Attorney for the Government and the Defense Counsel to provide each other with a copy of the objections at the same time the objections are filed with the probation office.

**FOR THE COURT**

SEE ATTACHED LETTER DATED 1/9/06.

Signed by: _Richard Sudrick_
(Defendant/Defense Attorney/AUSA)

Date: 12/30/05

## HOWARD B. KATZOFF
ATTORNEY AT LAW
717  D STREET, N.W.
SUITE 310
WASHINGTON, D.C. 20004

TEL: (202) 783-6414                                                                                    FAX: (202) 628-2881

January 9, 2006

Ms. Renee Moses-Gregory
United States Probation Officer
United States District Court, 2d Floor
333 Constitution Avenue, N.W.
Washington, D.C.  20001

                                            RE:  United States v. Richard Shedrick
                                                 Case No. 05-363 (RJL)

Dear Ms. Moses-Gregory:

      Per our conversation I am writing to note the following objections to the PSR, which I think are sufficiently material to warrant a modification of the report:

1)     P. 3, para 6:  Defendant objects to the paragraph as written, and proposes the following modified paragraph in order to more accurately reflect the agreement between the parties:

> For purposes of administrative forfeiture, the defendant agreed to waive an interest, *if any*, and not contest forfeiture of $ 368 and firearms/ammunition. The defendant further agreed that the government reserves its right to bring civil action(s), if necessary, in any jurisdiction for the forfeiture of any of the assets, real or personal property, that are subject to any federal statute.

2)     P. 11, para 59 & 60: Defendant objects that the paragraphs incorrectly suggest that the D.C. Guidelines have a voluntary 12 - 30 month guideline range which is analogous to the non-mandatory federal sentencing guideline ranges.  The guideline range in this case is a historical average of the middle 50% of past sentences in the applicable box, and is only relevant if the Court feels a sentence of imprisonment is required in the case.  The reference to th guideline range ignores the fact that historically more than 50% of the sentences in this box were straight probation sentences, and that the guideline range only applies to less than 40% of the cases in that box..  Therefore, I propose the following language to replace paragraphs 59 and 60, which more completely and accurately describes the D.C. Guideline significance in the case:

- 2 -

D C Guidelines are voluntary guidelines. Drug guidelines are calculated using the Drug Grid (Appendix B), which has both a vertical and a horizontal axis. The Offense Severity Groups are reflected on the vertical axis and the criminal history scores are reflected across the horizontal axis. There are 3 offenses severity groups along the vertical axis for each of the 5 criminal history categories along the horizontal axis, thereby creating 15 boxes. Each box shows the sentencing options where criminal history column and the severity group intersect.

Each box has a set of sentencing options based on a color code. There is also an appendix which provides historical sentencing statistics for each box. The light shaded boxes permit probation, short split sentences, or prison sentences. Dark shaded boxes permit short split sentences or prison sentences. White boxes permit prison sentences only.

The offense severity group is based on the offense(s) of conviction. In this case Count 2 falls in offense Severity Group 2. The criminal history score is 0. Therefore the guideline calculation results in a light shaded box in column A in the first column of the grid. Therefore, the sentencing options in that light shaded box are probation, a short split sentence, or a prison sentence.

If a prison sentence is deemed appropriate the Court is to consult the prison guideline range in that box, which is 12-30 months. Historically more than 50% of the sentences in this box have been straight probation sentences; approximately 9% of the sentences were short split sentences; and a little less than 40% of the sentences in that box were prison sentences. Looking at just the prison sentences, approximately 50% of those sentences fell in the 12 - 30 month range (which is about 20% of the total number of sentences). Thus, historically approximately 70% of the sentences in this box were either probation or were short prison sentences below the listed guideline range. (See Appendix F - Historical Data for Drug Grid)

Wherefore, I respectfully request that the above corrections or modifications be made to the PSR. As always, your time and attention to this matter is greatly appreciated.

Sincerely,

Howard B. Katzoff

HBK/mf

cc. AUSA Emory V. Cole
    555 Fourth Street, N.W.
    Washington, D.C. 20530

**HOWARD B. KATZOFF**
ATTORNEY AT LAW
717  D STREET, N.W.
SUITE 310
WASHINGTON, D.C. 20004

TEL: (202) 783-6414                                                                 FAX: (202) 628-2881

January 17, 2006

Ms. Renee Moses-Gregory
United States Probation Officer
United States District Court, 2d Floor
333 Constitution Avenue, N.W.
Washington, D.C.  20001

RE: United States v. Richard Shedrick
Case No. 05-363 (RJL)

Dear Ms. Moses-Gregory:

    As I indicated in my earlier telephone message, I noted a mistake in the PSR which was not listed in the objections filed last week. In paragraph 9, paragraph 38, it incorrectly indicates that Mr. Shedrick last used marijuana in March 2005. Mr. Shedrick advised you that he last used marijuana shortly before his "arrest" in this matter. He was referring to his arrest on December 3, 2005, which was "no papered" in Superior Court, not his arraignment in federal court in March 2005. He tested negative for any illicit drugs when he appeared in federal court in March 2005. Since marijuana generally remains in the system for about 4 weeks, the negative test further corroborates that he was referring to December 2004, not March 2005.

    Thus I respectfully request that paragraph 38 be corrected to reflect an end date of on or about December 3, 2004. I apologize for the delay in submitting this proposed correction. I overlooked the March 2005 date when I first reviewed the PSR, and called as soon as I realized my mistake.

    As always, your time and attention to this matter is greatly appreciated.

Sincerely,

Howard B. Katzoff

HBK/mf

cc. AUSA Emory Cole