IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | : |
| | : |
| | : |
| v. | : Criminal No.   05-363 (RJL) |
| | : |
| | : |
| **RICHARD SHEDRICK** | : |

**UNOPPPOSED  MOTION TO MODIFY CONDITIONS OF PROBATION
AND POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Defendant, Richard Shedrick, through undersigned counsel, pursuant to Rule 32.1(c) of the Federal Rules of Criminal Procedure and 18 U.S.C. 3563(c), respectfully requests that the Court modify conditions of probation.  Specifically, defendant is requesting a modification of the curfew and electronic monitoring conditions of his probation, so that he will be able to work the hours required to keep his new job with Metro.  Defendant further requests that the Court substitute other conditions in place of curfew and electronic monitoring, which will assure his probation compliance without requiring him to quit his job.  In support of this request defendant states as follows:

1.   On or about January 27, 2006, Mr. Shedrick was sentenced to 3 years probation with 6 months of electronic monitoring in the above-referenced case.  The Court indicated that Mr. Shedrick was to have a curfew of 8:00 p.m. to 7:00 a.m., which was to be adjusted for employment.  At the time of the sentencing, Mr. Shedrick had a tentative offer of employment from the Washington Metropolitan Area Transit Authority ("Metro"), but was unsure of the hours or schedules he would be required to work.

2.   On or about February 21, 2006, Metro provided a letter confirming its offer of employment to Mr. Shedrick, and he signed the letter accepting the position.  When the position was formally offered to Mr. Shedrick, Metro provided him with a "Welcome" notebook, and further explained his work obligations and work schedule for the position. Specifically, Mr. Shedrick learned that for two weeks he would be receiving training at the Central Training

- 2 -

Facility. His hours for the training were regular day-time hours ending each day at approximately 3:00 p.m. That training period was completed on Friday March 3rd. Beginning March 6th, he began on-the-job training for five weeks. During that time he is advised that his work schedule "will vary". His supervisors have advised him that he could be assigned to several different shifts; that those shifts could vary; and that he could be notified of additional changes in shift assignments a day in advance. The officials also advised him to expect to get mostly late night or early morning shifts because those are the shifts that usually go to the new hires.

     3. Mr. Shedrick immediately advised the probation department of the potential scheduling problems in order to put them on notice so that his electronic monitoring hours could be adjusted to accommodate his varying work schedule. At that time it was hoped that the supervisors were exaggerating the potential problems, and that Mr. Shedrick would get a fixed work schedule because the probation department indicated that it would be unable to make continuing adjustments with the electronic monitoring program to accommodate changing shift schedules, particularly if Metro did occasionally change shifts a day in advance.[1]

     4. Unfortunately, Metro did begin to change Mr. Shedrick's schedule on short notice during the past week. Thus the Probation Department has had to adjust his electronic monitoring on short notice, which they are not easily able to do. As a result, the Probation Department has indicated that it appears his curfew and electronic monitoring conditions need to be modified in order for him to be able to keep his job with Metro.[2]

---

[1] Normally the probation department needs the work schedule a week in advance to be able to make the appropriate arrangements. They have indicated that they are simply not set up to be able to continue to accommodate a work schedule like Mr. Shedrick's current schedule with Metro.

[2] Counsel would recommend that the Court consider an increase in other reporting requirements, including wage and manifest verification on a weekly or bi-weekly basis, in lieu of the electronic monitoring. The Court could also set periodic probation review hearings in court, either before Your Honor or a Magistrate Judge, every four to six months in order to assure that Mr. Shedrick stays in strict compliance with his conditions, which is done occasionally by other judges in this Court for individuals on supervision.

- 3 -

5. As the Court may re-call, Mr. Shedrick had been out of work for a couple of years because of his medical condition, and had been actively trying to find employment for the past year. During that time he completed an employment re-training program, and went through extensive training and certification programs before finally landing this job with Metro - one that seems to be providing him with a good career opportunity. Throughout the pendency of the case, Mr. Shedrick has worked hard to fulfill all of his obligations to the court, including the employment component of his probation. The probation department contacted counsel and made it clear that it is very likely that they will be unable to continue to supervise Mr. Shedrick on electronic monitoring because of the nature and hours of the job he has. Unfortunately, he will likely be required to give up the job before he really gets started unless the curfew and electronic monitoring conditions can be adjusted. Counsel submits that under these unusual circumstances it makes more sense to substitute some other conditions for the electronic monitoring so that Mr. Shedrick is not forced to give up a good job.

6. Counsel has discussed this matter with the Assistant United States Attorney assigned to the case, and counsel is authorized to represent that the government does not oppose the request in this motion for the reasons given.

7. Defendant respectfully requests that the Court either schedule a hearing on this matter at the Court's earliest convenience, or grant the requested relief without a hearing if appropriate. Counsel would note that Mr. Shedrick's normal work shift has been from about 5:30 a.m. until about 6:00 p.m.. If he has those hours in the coming weeks, it may be very difficult for him to make arrangements to be able to attend a hearing without jeopardizing his job. Thus counsel respectfully asks that defendant's appearance be waived if he is supposed to be at work the day a hearing is scheduled, and permit counsel and the probation department to provide appropriate

- 4 -

documentation and/or verification of the problem for the Court.³ Quite naturally, defendant is concerned that if he takes any days off of work he could lose his position because he is considered a probationary employee for the first 90 days.

Wherefore, defendant respectfully requests that the Court grant this unopposed request to modify the curfew and electronic monitoring conditions because the probation department indicates that it is unlikely to be able to continue to monitor him on electronic home monitoring unless he gives up his job.

                                       Respectfully submitted,

                                       /s/
                                  Howard B. Katzoff (Bar # 348292)
                                  717 D Street, NW Suite 310
                                  Washington, D.C. 20004
                                  (202) 783-6414
                                  Attorney for Richard Shedrick

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion for Modification of Conditions of Probation has been served electronically upon Emory Cole, Esquire, Office of the United States Attorney, 555 Fourth Street, N.W., Washington, D.C. 20530, and hand delivered to United States Probation Officers David Antezana and Danny Thomas, United States District Court, 2nd Floor, 333 Constitution Avenue, N.W., Washington, D.C. 20001, this 13th day of March, 2006.



                                       /s/
                                  Howard B. Katzoff

---

³ Under Rule 32.1(b) defendant's presence would not be required since the requested relief is favorable to the probationer, and counsel could represent his interest. Moreover, a hearing is not required if the Court is inclined to grant the request and the government is not objecting.